CR 10 00603 _W

# UNITED STATES DISTRICT COURT

**FILED**

## NORTHERN DISTRICT OF CALIFORNIA



2010 AUG 11 P 2: 32

### *SAN JOSE DIVISION*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CALIFORNIA

## THE UNITED STATES OF AMERICA

*vs.*

## PAUL SHIN DEVINE and ANDREW ANG,

---

# INDICTMENT

| | |
|---|---|
| **COUNTS ONE - FIFTEEN:** | 18 U.S.C. §§ 1343, 1346 - Wire Fraud; |
| **COUNT SIXTEEN:** | 18 U.S.C. §§ 1343, 1349 - Wire Fraud Conspiracy; |
| **COUNTS SEVENTEEN - TWENTY ONE:** | 18 U.S.C. §§1956(a)(1)(B)(I) and 2 - Money Laundering; |
| **COUNT TWENTY-THREE:** | 18 U.S.C. §§ 1957 and 2 - Monetary Transactions with Criminally Derived Property; |

---

*A true bill.*

_____
*Foreperson*

*Filed in open court this* __11th__ *day of* __August__

*A.D. 2010*

Sealed

_____
*United States Magistrate Judge*

| | |
|---|---|
| | CSA's INITIALS |

*Bail. $* No Bail

DISTRICT COURT
CRIMINAL CASE PROCESSING



1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR 10   00603** |
| Plaintiff, | No. |
| v. | **UNDER SEAL** |
| PAUL SHIN DEVINE and ANDREW ANG, | VIOLATIONS: 18 U.S.C. §§ 1343, 1346 – Wire Fraud; 18 U.S.C. § 1349 – Wire Fraud Conspiracy; 18 U.S.C. § 1956(a)(1)(B)(I) – Money Laundering; 18 U.S.C. § 1957 – Monetary Transactions in Criminally Derived Property;18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) – Criminal Forfeiture. |
| Defendants. | |

SAN JOSE VENUE

### INDICTMENT

The Grand Jury charges:

### INTRODUCTION

At all times relevant to this Indictment:

1.      Defendant PAUL SHIN DEVINE ("DEVINE") was an individual living in Sunnyvale, California.

2.   Defendant ANDREW ANG ("ANG") was an individual living in the Republic of Singapore ("Singapore").

3.   CPK Engineering was a California corporation registered with the California Secretary of State in January 2010 and controlled by DEVINE.

4.   Apple, Inc., ("Apple") was a company headquartered in Cupertino, California. Devine began working for Apple in approximately 2005 as a Global Supply Manager ("GSM").

5.   In his role as Apple GSM, DEVINE had access to confidential company information, including Apple product forecasts and product development plans (known as "roadmaps"), pricing targets, and product specifications. DEVINE also had access to confidential information shared with Apple by third parties.

6.   DEVINE was responsible for selecting suppliers of enclosure materials for headsets designed for Apple's iPhone and iPod products. It was part of DEVINE's job to communicate directly with suppliers that manufacture the parts and to deal indirectly with companies that assemble the headsets using parts manufactured by the suppliers.

7.   The suppliers and assemblers were located in various countries in Asia, including the People's Republic of China ("China"), the Republic of Korea ("South Korea"), Taiwan, and Singapore.

a.   Company A was based in South Korea and assembled headsets for Apple's iPhone and iPod products. Many of the suppliers that DEVINE worked with provided headset parts to Company A for assembly.

b.   Company B was headquartered in Singapore and manufactured, among other things, parts for Apple headsets. ANG was an employee of Company B. DEVINE worked directly with Company B in his capacity as GSM at Apple.

c.   Company C was a group of related businesses headquartered in Singapore. Company C began supplying parts for Apple iPods in December 2007. ANG

1   acted as an agent on behalf of Company C in obtaining information from DEVINE.

2   DEVINE worked directly with Company C in his capacity as GSM at Apple.

3          d.    Company D was based in China and did molding for Apple iPod

4   accessories. DEVINE worked directly with Company D in his capacity as GSM at Apple.

5          e.    Company E, based in Singapore, manufactured parts for Apple

6   products such as desktop computers. In 2008 Company E was trying to win business

7   supplying other Apple parts, such as iPod and iPhone parts. ANG acted as an agent on

8   behalf of Company E in obtaining information from DEVINE.

9          f.    Company F, based in Taiwan, manufactured parts for Apple

10  headsets. DEVINE worked directly with Company F in his capacity as GSM at Apple.

11  THE SCHEME TO DEFRAUD

12     8.    Beginning at a time unknown to the grand jury, but no later than in or about

13  February 2007, and continuing through approximately August 2010, the defendants,

14

15  PAUL SHIN DEVINE<br>and<br>ANDREW ANG,

16

17  did knowingly and with the intent to defraud, devise and intend to devise a scheme and

18  artifice to defraud as to a material matter, and to obtain money and property by means of

19  materially false and fraudulent pretenses, representations, promises, and omissions, and to

20  deprive Apple of its intangible right to DEVINE's honest services.

21     9.    The gist of the scheme was that DEVINE used his position at Apple to

22  obtain confidential Apple information, which he then transmitted to suppliers and

23  manufacturers of Apple parts, including ANG. In return, the suppliers and manufacturers

24  agreed to pay DEVINE kickbacks, including payments determined as a percentage of the

25  business they did with Apple. DEVINE shared a portion of those kickbacks with ANG.

26  This scheme deprived Apple of the following: (a) its tangible property right in the

27  confidentiality of its information; (b) its money and property by enabling the suppliers

and manufacturers to, among other things, negotiate more favorable contracts with Apple than they would have been able to obtain without the confidential information; and (c) its intangible right to DEVINE's honest services.

10.     DEVINE directed suppliers and manufacturers to pay kickbacks via wire transfer to a bank account in his wife's name, opened for the purpose of receiving the proceeds of the scheme. DEVINE also opened bank accounts in several countries in Asia, including bank accounts in his wife's name, to which he directed suppliers to wire kickback payments.

11.     It was further part of the scheme that DEVINE received kickback payments directly from suppliers and agents of suppliers while he traveled in Asia on behalf of Apple.

12.     It was further part of the scheme that DEVINE registered CPK Engineering Corporation with the California Secretary of State and opened bank accounts in the business name for the purpose of receiving kickback payments while disguising the source and nature of the payments. DEVINE then caused proceeds of the fraudulent scheme to be transferred to personal accounts from the CPK Engineering account.

13.     It was further part of the scheme that DEVINE sought to prevent the discovery of his kickback scheme by using certain code words that would not attract attention if seen by Apple employees. For example, DEVINE used the code word "sample" to represent a kickback payment, particularly in correspondence with ANG.

14.     As part of the scheme to defraud Apple, DEVINE engaged in certain conduct and made certain material false representations, promises, and omissions, including, but not limited to, the following:

      a.     DEVINE represented to Apple that he would maintain the confidentiality of Apple's information and of the information shared with Apple by third parties.

INDICTMENT
U.S. v. DEVINE, ET. AL.

4

      b.    DEVINE represented that he had a legitimate business need for certain information he requested from other Apple employees, when he in fact requested it with the intent to send the confidential information to companies participating in his scheme.

      c.    DEVINE represented to Apple that he knew of no kickbacks and had no conflicts of interest that had not been reported to Apple management.

      d.    DEVINE failed to disclose to Apple that he made arrangements with suppliers and manufacturers for them to make kickback payments to DEVINE in exchange for DEVINE disclosing confidential Apple information.

USE OF THE WIRES

15.    DEVINE used email communications to carry out an essential part of the scheme to defraud by transmitting confidential information belonging to Apple and its business partners to other participants in the scheme, including ANG. DEVINE also used email communications to negotiate the kickback amounts and arrange payments with the suppliers and manufacturers.

16.    As part of the scheme to defraud, DEVINE and ANG communicated via email regarding their respective shares of kickback payments.

17.    As part of the scheme to defraud, DEVINE caused suppliers and manufacturers to make kickback payments to him via wire transfer to bank accounts in the United States and abroad.

COUNTS ONE AND TWO: (18 U.S.C. §§ 1343 and 1346 – Wire Fraud)

18.    The factual allegations at Paragraphs One through Seventeen are realleged as if set forth fully herein.

19.    On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice

INDICTMENT
U.S. v. DEVINE, ET. AL.

to defraud Apple of its intangible right to DEVINE's honest services and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions, defendants,

PAUL SHIN DEVINE
and
ANDREW ANG,

did knowingly transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce the following writings, signs, signals, pictures, and sounds, each communication being a separate count of this indictment:

| Count | Approximate Date of Wire | Description of Wire |
|-------|--------------------------|---------------------|
| One | February 28, 2008 | Email from DEVINE to ANG, giving Apple's confidential internal price target and recommending a higher target price for Company C to propose. |
| Two | April 9, 2009 | Email from DEVINE to ANG and Company E attaching a confidential drawing and pricing information submitted to Apple by a competitor of Company E. |

All in violation of Title 18, United States Code, Sections 1343 and 1346.

COUNTS THREE THROUGH FIFTEEN: (18 U.S.C. §§ 1343 and 1346 – Wire Fraud)

20.     The factual allegations at Paragraphs One through Seventeen are realleged as if set forth fully herein.

21.     On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice to defraud Apple of its intangible right to DEVINE's honest services and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions, defendant,

INDICTMENT
U.S. v. DEVINE, ET. AL.

6

PAUL SHIN DEVINE,

did knowingly transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce the following writings, signs, signals, pictures, and sounds, each communication being a separate count of this indictment:

| Count | Approximate Date of Wire | Description of Wire |
|---|---|---|
| Three | February 15, 2007 | Email from Company A attaching final draft of "Consulting Services" contract between DEVINE and Company A, in which DEVINE agrees to share confidential Apple information in exchange for $6,000 per month payment. |
| Four | March 25, 2007 | Email from DEVINE to Company B attaching confidential pricing proposal for parts and tooling for the iPod Touch, submitted to Apple by one of Company B's competitor's. |
| Five | March 23, 2008 | Email from DEVINE to Company A attaching Apple's confidential projected quarterly sales for several existing and new iPod and iPhone models. |
| Six | April 2, 2008 | Wire Transfer for $6,000 from Company A to Center Bank account ending in 0232. |
| Seven | February 2, 2009 | Email from DEVINE to Company A attaching Apple's confidential actual and projected volume and revenue as well as Apple's unit cost for iPods and iPhones. |
| Eight | March 2, 2009 | Email from DEVINE to Company D attaching confidential designs submitted to Apple by a competitor of Company D. |
| Nine | March 9, 2009 | Email from Company D to DEVINE stating that kickback payment had been made in four installments. |
| Ten | May 11, 2009 | Email from DEVINE to Company B proposing kickback payment schedule. |
| Eleven | July 29, 2009 | Email from DEVINE to Company B attaching confidential per-part pricing for Company B's competitors |
| Twelve | March 5, 2010 | Wire Transfer for $129,970 from Company C to J.P. Morgan Chase account ending in 3695. |
| Thirteen | April 22, 2010 | Wire Transfer for $57,758 from Company E to J.P. Morgan Chase account ending in 3695. |

| Fourteen | April 15, 2010 | Wire Transfer for $54,292 from Company F to J.P. Morgan Chase account ending in 3695. |
| Fifteen | May 11, 2010 | Email from DEVINE to Company F attaching a confidential pricing discussion between another Apple employee and a competitor of Company F. |

All in violation of Title 18, United States Code, Sections 1343 and 1346.

COUNT SIXTEEN: (18 U.S.C. §§ 1343 and 1349 – Wire Fraud Conspiracy)

22.    The factual allegations contained in Paragraphs One through Twenty-One are realleged and incorporated herein.

23.    Beginning at a time unknown to the grand jury, and continuing through approximately August 2010, in the Northern District of California, and elsewhere, the defendants,

PAUL SHIN DEVINE
and
ANDREW ANG,

did knowingly and willfully conspire and agree with each other and with other persons known and unknown to the grand jury to willfully commit wire fraud, in violation of Title 18, United States Code, Section 1343.

MANNER AND MEANS OF THE CONSPIRACY

24.    It was part of the conspiracy that DEVINE sent ANG Apple confidential information via email for the benefit of Companies B, C, and E.

25.    It was further part of the conspiracy that ANG and DEVINE shared kickback payments and corresponded regularly by email regarding the division of those payments.

All in violation of Title 18, United States Code, Section 1349.

//

1 | COUNTS SEVENTEEN THROUGH TWENTY-TWO: (18 U.S.C. §§ 1956(a)(1)(B)(i)

2 | and 2 – Money Laundering)

3 |      26.    The factual allegations contained in Paragraphs One through Twenty-One

4 | are realleged and incorporated herein.

5 |      27.    On or about the dates set forth below, in the Northern District of California

6 | and elsewhere, defendant,

7 |                  PAUL SHIN DEVINE,

8 | did knowingly conduct and attempt to conduct a financial transaction affecting interstate

9 | and foreign commerce, to wit, the transfer of funds, which involved the proceeds of a

10 | specified unlawful activity, that is Wire Fraud (18 U.S.C. § 1343), knowing that the

11 | transaction was designed in whole and in part to conceal and disguise, the nature,

12 | location, source, ownership, and control of the proceeds of said specified unlawful

13 | activity and that while conducting and attempting to conduct such financial transaction

14 | knew that the property involved in the financial transaction represented the proceeds of

15 | some form of unlawful activity:

| Count | Approximate Date | Description of Transaction |
|-------|------------------|----------------------------|
| Seventeen | March 16, 2010 | Transfer of $9,500.49 from J.P. Morgan Chase account ending in 3695 to J.P. Morgan Chase account ending in 9133. |
| Eighteen | March 16, 2010 | Transfer of $7,727.22 from J.P. Morgan Chase account ending in 3695 to J.P. Morgan Chase  account ending in 9133. |
| Nineteen | April 16, 2010 | Transfer of $9,500.49 from J.P. Morgan Chase account ending in 3695 to J.P. Morgan Chase account ending in 9133. |
| Twenty | April 16, 2010 | Transfer of $7,727.22 from J.P. Morgan Chase account ending in 3695 to J.P. Morgan Chase  account ending in 9133. |
| Twenty-One | May 13, 2010 | Transfer of $9,500.49 from J.P. Morgan Chase account ending in 3695 to J.P. Morgan Chase account ending in 9133. |

| Twenty-Two | May 13, 2010 | Transfer of $7,727.22 from J.P. Morgan Chase account ending in 3695 to J.P. Morgan Chase account ending in 9133. |
|---|---|---|

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNT TWENTY-THREE: (18 U.S.C. §§ 1957 and 2 – Monetary Transactions with Criminally Derived Property)

      28.     The factual allegations contained in Paragraphs One through Twenty-One are realleged and incorporated herein.

      29.     On or about May 18, 2010, in the Northern District of California and elsewhere, defendant,

PAUL SHIN DEVINE,

did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, transfer of funds in the amount of $536,747.88 from JP Morgan Chase Bank account ending in 3695 to account ending in 3889, such property having been derived from a specified unlawful activity, that is, Wire Fraud (18 U.S.C. § 1343), all in violation of Title 18, United States Code, Sections 1957 and 2.

CRIMINAL FORFEITURE ALLEGATION NUMBER ONE

      30.     The factual allegations contained in Counts One through Twenty-Three are hereby realleged for the purpose of alleging forfeiture to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

      31.     Upon conviction of any of the offenses in violation of Title 18, United

States Code, Sections 1343 or 1349 set forth in Counts One through Sixteen of this Indictment, or any of them, the defendants,

PAUL SHIN DEVINE
and
ANDREW ANG,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to the sum of money equal to the total amount of proceeds defendant obtained or derived from, directly or indirectly, from the violation.

32.     If any of the property described above, as a result of any act or omission of the defendant:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), all pursuant to Title 18 United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c).

## CRIMINAL FORFEITURE ALLEGATION NUMBER TWO

33.     The factual allegations contained in Counts One through Twenty-Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

INDICTMENT
U.S. v. DEVINE, ET. AL.

34.     Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of any of the offenses in violation of Title 18, United States Code, Section 1956 or 1957, as set forth in Counts Seventeen through Twenty-Three of this Indictment, the defendant,

PAUL SHIN DEVINE,

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

35.     If any of the property described above, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States

//
//
//
//
//
//
//
//
//

INDICTMENT
U.S. v. DEVINE, ET. AL.

12

1   Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

2

3

4   DATED:                                         A TRUE BILL.

5        8·11·10

6                                                    FOREPERSON

7

8   JOSEPH P. RUSSONIELLO
    United States Attorney

9

10  MATTHEW A. PARRELLA
    Chief, CHIP Unit

11

12  (Approved as to form:

13            AUSA MICHELLE J. KANE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  INDICTMENT
    U.S. v. DEVINE, ET. AL.
                                13

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION  ☑ INDICTMENT

Matter Sealed: ☐ Juvenile  ☑ Other than Juvenile
☐ Pre-Indictment Plea ☐ Superseding   ☐ Defendant Added
☐ Indictment   ☐ Charges/Counts Added
☐ Information

*SEALED BY ORDER OF THE COURT*

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT — Northern
DISTRICT OF California, San Jose — Divisional Office

Name and Office of Person Furnishing Information on THIS FORM: JOSEPH P. RUSSONIELLO
☒ U.S. Atty  ☐ Other U.S. Agency
Phone No. (408) 535-5061

Name of Asst. U.S. Attorney (if assigned): Michelle J. Kane

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Atty ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

SHOW DOCKET NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

MAG. JUDGE CASE NO.

Place of offense: Santa Clara   County

---

CASE NO.

USA vs.   *FILED*

Defendant: PAUL SHIN DEVINE
2010 AUG 11  P 2: 32

Address:
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

**CR10   00603   PVT**   JW

☐ Interpreter Required   Dialect: _____

Birth Date: _____   ☑ Male  ☐ Female   ☐ Alien (if applicable)

Social Security Number _____

### DEFENDANT

Issue: ☑ Warrant  ☐ Summons

Location Status:

Arrest Date _____ or Date Transferred to Federal Custody _____

☐ Currently in Federal Custody
☐ Currently in State Custody
   ☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____

☐ FPD  ☐ CJA  ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

---

## OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts 5

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| | 18 USC 1343 & 1346 (Felony - see attached) | Wire Fraud | 1-15 |
| | 18 USC 1349 (Felony - see attached) | Wire Fraud Conspiracy | 16 |
| | 18 USC 1956(a)(1)(B) (Felony - see attached) | Money Laundering | 17-22 |
| | 18 USC 1957 (Felony - see attached) | Monetary Transactions in Criminally-Derived Property | 23 |
| | | | |

<u>Attachment</u>

<u>Statutory Maximum Penalties</u>

18 U.S.C. § 1343: 20 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment.

18 U.S.C. § 1349: 20  years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment.

18 U.S.C. § 1956(a)(1)(B)(i):   20 years imprisonment, $500,000 fine or twice the value of the property involved in the transaction, 3 years supervised release, $100 special assessment.

18 U.S.C. § 1957: 10 years imprisonment, $250,000 fine or twice the value of the property involved in the transaction, 3 years supervised release, $100 special assessment.

PER 18 U.S.C. 3170

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ INFORMATION ☑ INDICTMENT

Matter Sealed: ☐ Juvenile ☑ Other than Juvenile

☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added
☑ Indictment ☐ Charges/Counts Added
☐ Information

SEALED BY ORDER OF THE COURT

Name and Office of Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT Northern
DISTRICT OF California, San Jose Divisional Office

Name and Office of Person
Furnishing Information on
THIS FORM
JOSEPH P. RUSSONIELLO
☒ U.S. Atty ☐ Other U.S. Agency
Phone No. (408) 535-5061

Name of Asst.
U.S. Attorney
(if assigned) Michelle J. Kane

**PROCEEDING**

Name of Complaint Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court
(give name of court)

☐ this person/proceeding transferred from another district
per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges
previously dismissed which were
dismissed on motion of:
☐ U.S. Atty ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant. (Notice of Related
Case must still be filed with the
Clerk.)

SHOW
DOCKET NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate Judge
regarding this defendant were
recorded under

MAG. JUDGE
CASE NO.

Place of Santa Clara County
offense

---

CASE NO.

USA vs.

Defendant: ANDREW ANG

Address:

FILED

2010 AUG 11 P 2: 32

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CALIFORNIA

JW
PVT

CR 10 — 00603

☐ Interpreter Required Dialect: _____

Birth
Date _____ ☑ Male ☐ Alien
☐ Female (if applicable)

Social Security Number _____

| **DEFENDANT** |
|---|

Issue: ☑ Warrant ☐ Summons

Location Status:

Arrest Date _____ or Date Transferred to Federal Custody _____

☐ Currently in Federal Custody
☐ Currently in State Custody
☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____

☐ FPD ☐ CJA ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

---

| OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS |
|---|

Total # of Counts 5

| Set | Title & Section/Offense Level<br>(Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| | 18 USC 1343 & 1346 (Felony - see attached) | Wire Fraud | 1-2 |
| | 18 USC 1349 (Felony - see attached) | Wire Fraud Conspiracy | 16 |
| | | | |
| | | | |

<u>Attachment</u>

<u>Statutory Maximum Penalties</u>

18 U.S.C. § 1343: 20 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment.

18 U.S.C. § 1349: 20  years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment.